**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| EUGENE HARBIN JR., | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. __________ |
| | § | |
| HARRIS COUNTY, TEXAS | § | |
| *Defendant*. | § | |

**ORIGINAL COMPLAINT FOR RETALIATION UNDER TITLE VII AND DEMAND FOR JURY TRIAL**

Plaintiff Eugene Harbin Jr. ("Plaintiff") files this Original Complaint against Defendant Harris County, Texas ("Defendant"), and respectfully shows the Court as follows:

**I.**

**INTRODUCTION**

1. This is an action for unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a).

2. Plaintiff brings this action because Defendant retaliated against him after he complained about workplace conduct that he reasonably believed constituted unlawful discrimination, harassment, and a hostile work environment, and after he subsequently complained that he was being retaliated against for raising those concerns.

3. After Plaintiff engaged in protected activity, Defendant initiated and escalated an adverse employment action involving a purported payroll overpayment arising from compensation that Defendant had created, approved, processed, and administered through its own payroll and Human Resources systems for several years.

4. Defendant's actions included demanding repayment of approximately $93,232.11, threatening payroll deductions, and presenting Plaintiff with documentation requiring an admission of liability.

5. The timing and sequence of these events, Defendant's knowledge of Plaintiff's protected complaints, and the involvement in the repayment process of Human Resources personnel identified in Plaintiff's earlier complaint support an inference that Defendant's actions were retaliatory.

## II.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claim arises under Title VII of the Civil Rights Act of 1964.

7. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), assigned Charge No. 460-2026-06462, alleging retaliation in violation of Title VII.

8. Plaintiff's EEOC Charge identified the respondent as Harris County Sheriff's Office (Harris County, Texas) and alleged that Plaintiff suffered retaliation after complaining of discrimination and harassment based upon a protected class.

9. On June 23, 2026, the EEOC issued a Determination and Notice of Rights advising Plaintiff of his right to file suit.

10. Plaintiff has satisfied the administrative prerequisites to bringing this action and has timely filed this lawsuit within ninety (90) days of his receipt of the EEOC's Notice of Rights.

11. Venue is proper in the Southern District of Texas, Houston Division, because Defendant resides within this District and the unlawful employment practices giving rise to Plaintiff's claim occurred within this District.

## III.

## PARTIES

12. Plaintiff Eugene Harbin Jr. is an individual residing in Texas and is currently employed by Defendant through the Harris County Sheriff's Office ("HCSO").

13. Defendant Harris County, Texas is a political subdivision of the State of Texas and is Plaintiff's employer within the meaning of Title VII.

14. At all relevant times, Defendant acted through HCSO and its officers, employees, Human Resources personnel, payroll personnel, and other agents acting within the course and scope of their employment or authority.

## IV.

## FACTUAL BACKGROUND

### A. Plaintiff's Employment and Compensation

15. Plaintiff was hired by HCSO in November 2018 as a Probationary Patrol Deputy.

16. Plaintiff's compensation was established, processed, approved, and administered through Defendant's Human Resources and payroll systems.

17. Defendant issued compensation documents establishing Plaintiff's position and compensation. Plaintiff did not create, modify, or control Defendant's payroll system or his compensation records.

18. In or around October 2019, Defendant processed a compensation action relating to Plaintiff's position and pay.

19. Defendant thereafter continued paying Plaintiff under the compensation structure it had established and administered for approximately five years without notifying Plaintiff that his compensation was erroneous, unauthorized, or subject to repayment.

**B. Plaintiff's Protected Activity**

20. On April 16, 2024, Plaintiff submitted a written workplace complaint to HCSO leadership concerning conduct that he reasonably believed constituted discrimination, harassment, sexualized workplace rumors, and a hostile work environment.

21. Plaintiff's complaint identified concerns involving members of HCSO's Human Resources Division, including Tyrea Brown and Assistant Human Resources Director Veronica Weinberger.

22. Plaintiff complained that Human Resources personnel were spreading or contributing to inappropriate rumors and conduct and raised concerns regarding harassment and discriminatory or retaliatory workplace conduct.

23. On April 17, 2024, HCSO leadership acknowledged Plaintiff's written complaint and confirmed that it had been received and forwarded for review.

24. Defendant therefore had actual knowledge of Plaintiff's protected workplace complaint no later than April 17, 2024.

25. On May 9, 2024, after the issues raised in his original complaint had not been resolved, Plaintiff again complained to HCSO leadership.

26. In his May 9, 2024 communication, Plaintiff expressly stated that he believed he was being punished and retaliated against after raising his workplace concerns and complained of negative treatment, embarrassment, reputational harm, changes in his work environment, and differential treatment.

27. On May 10, 2024, HCSO management responded to Plaintiff and denied that retaliation was occurring.

28. Defendant therefore knew that Plaintiff had complained of discrimination and harassment and that Plaintiff was expressly alleging retaliation arising from those complaints.

**C. Defendant's Subsequent Payroll Investigation and Repayment Demand**

29. Defendant subsequently asserted that Plaintiff had been improperly compensated and had received an overpayment.

30. Defendant had not raised the alleged payroll discrepancy before Plaintiff's April and May 2024 protected complaints, despite having established and administered Plaintiff's compensation under the challenged pay structure for several years.

31. According to Defendant's subsequent account, Plaintiff was first notified of the alleged payroll discrepancy on or about October 24, 2024.

32. On December 5, 2024, Defendant required Plaintiff to participate in a meeting concerning the alleged overpayment.

33. At that meeting, Defendant presented the matter as a multi-year payroll issue arising from a compensation or position transaction dating back several years.

34. On March 31, 2025, Defendant demanded that Plaintiff repay approximately $93,232.11.

35. Defendant's repayment paperwork included a Wage Authorization Agreement and/or Wage Payment Plan, threatened payroll deductions, and contained language requiring Plaintiff to acknowledge or admit liability for the amount Defendant claimed was owed.

36. Veronica Weinberger, an Assistant Human Resources Director whom Plaintiff had identified in his April 16, 2024 protected workplace complaint, participated in the March 31, 2025 repayment process and communication.

37. Plaintiff did not create his payroll rate, control Defendant's payroll system, or engage in payroll misconduct.

38. Rather, the compensation at issue was created, processed, approved, and administered through Defendant's own payroll and Human Resources systems.

39. Defendant paid Plaintiff under the challenged compensation structure for years without seeking repayment and did not raise the alleged discrepancy until after Plaintiff engaged in protected activity.

40. The sequence of events therefore includes Plaintiff's protected complaints in April and May 2024, Defendant's acknowledged knowledge of those complaints, the subsequent initiation or escalation of the alleged payroll issue, and ultimately a repayment demand of approximately $93,232.11 involving Human Resources personnel identified in Plaintiff's protected complaint.

## V.

## TITLE VII RETALIATION

41. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

42. Title VII prohibits an employer from discriminating against an employee because the employee opposed employment practices made unlawful by Title VII or otherwise engaged in activity protected by Title VII. 42 U.S.C. § 2000e-3(a).

43. Plaintiff engaged in activity protected by Title VII when he complained about workplace discrimination, harassment, sexualized rumors, and hostile-work-environment conduct that he reasonably believed constituted conduct prohibited by Title VII, and when he subsequently complained that he was being retaliated against for raising those concerns.

44. Defendant knew of Plaintiff's protected activity.

45. Defendant thereafter subjected Plaintiff to materially adverse actions, including initiating and/or escalating a substantial payroll investigation and repayment process, demanding approximately $93,232.11, threatening payroll deductions, and requiring or pressuring Plaintiff to acknowledge liability for compensation that Defendant itself had created and administered.

46. Defendant's actions were materially adverse because they were of a nature that could dissuade a reasonable employee from making or supporting a complaint of discrimination or harassment.

47. A causal connection exists between Plaintiff's protected activity and Defendant's materially adverse actions.

48. Evidence supporting the causal connection includes Defendant's knowledge of Plaintiff's complaints; the timing and sequence of events; Defendant's administration of the challenged compensation for several years without a repayment demand; the escalation of the alleged payroll issue after Plaintiff's protected complaints; and the involvement in the repayment process of Human Resources personnel identified in Plaintiff's protected complaint.

49. Defendant may contend that its actions were merely an effort to correct a payroll error or recover an overpayment.

50. Plaintiff alleges that this asserted explanation is pretextual and that Defendant's alleged payroll process was initiated, used, escalated, or enforced against Plaintiff because he engaged in protected activity.

51. Among other things, Defendant created and administered Plaintiff's compensation through its own systems and continued paying Plaintiff under the challenged compensation structure for years before pursuing repayment after Plaintiff complained of discrimination, harassment, and retaliation.

52. The involvement of an HR employee identified in Plaintiff's protected complaint in the subsequent repayment process further supports Plaintiff's allegation that Defendant's actions were retaliatory.

53. Defendant's conduct constitutes unlawful retaliation in violation of Title VII, 42 U.S.C. § 2000e-3(a).

## VI.

## DAMAGES AND RELIEF

54. As a direct and proximate result of Defendant’s unlawful retaliation, Plaintiff has suffered damages and injuries, including financial harm, emotional distress, mental anguish, humiliation, inconvenience, and other compensable injuries.

55. Plaintiff seeks all legal and equitable relief available under Title VII, including compensatory damages, any back pay, lost wages, or employment benefits established through discovery and at trial, equitable and injunctive relief, pre- and post-judgment interest, reasonable attorneys’ fees and costs, and all other relief authorized by law.

56. Plaintiff further seeks appropriate injunctive and equitable relief necessary to remedy Defendant’s unlawful retaliatory conduct and to prevent or remedy any adverse

employment or financial consequences resulting from such conduct, including any improper payroll deductions or collection efforts, to the extent such relief is authorized under Title VII.

## VII.

## DEMAND FOR JURY TRIAL

57. Plaintiff demands a trial by jury on all claims and issues so triable.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Eugene Harbin Jr. respectfully requests that Defendant Harris County, Texas be cited to appear and answer herein and, upon final trial, that Plaintiff recover judgment against Defendant for:

a. Any back pay, lost wages, lost benefits, and other economic damages established through discovery and at trial and recoverable under Title VII;

b. Compensatory damages as permitted by law;

c. Appropriate equitable and injunctive relief;

d. Reasonable and necessary attorneys' fees and costs;

e. Pre-judgment and post-judgment interest as allowed by law; and

f. Such other and further legal or equitable relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**LAW OFFICES OF KEVIN MICHAEL MADDEN, P.L.L.C.**

By: /s/ *Kevin M. Madden*____________
Kevin M. Madden
State Bar No. 24041376
16310 State Highway 249, Unit 1304
Houston, Texas 77064
Phone: 281-888-9681
Fax: 832-538-0937
Email : kmm@kmaddenlaw.com
***ATTORNEY FOR PLAINTIFF***